UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

SHAQUILLE LENOIR,                     )
                                      )
                    Plaintiff,        )
                                      )
        v.                            )        No. 2:22-cv-00504-JPH-DLP
                                      )
JOHNSON COUNTY JAIL, et al.,          )
                                      )
                    Defendants.       )

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff Shaquille Lenoir, who is in custody at the Johnson County Jail, brought this action, alleging that the defendants have been deliberately indifferent to her mental health conditions, including anxiety, depression, and gender dysphoria. Ms. Lenoir has filed a motion for preliminary injunction. For the reasons below, that motion is **DENIED without prejudice**.

## I.      Preliminary Injunction Standard

"A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). To obtain a preliminary injunction a plaintiff first must show that: "(1) without this relief, [she] will suffer irreparable harm; (2) traditional legal remedies would be inadequate; and (3) [she] has some likelihood of prevailing on the merits of [her] claims." *Speech First, Inc. v. Killen*, 968 F.3d 628, 637 (7th Cir. 2020). If the plaintiff meets these threshold requirements, "the court then must weigh the harm the denial of the preliminary injunction would cause the plaintiff against the harm to the defendant if the court were to grant it." *Id.* "[A] preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it." *Orr v. Shicker*, 953 F.3d 490. 501 (7th Cir. 2020) (cleaned up).

1

## II.       Discussion

### A.       Likelihood of Success on the Merits

"A movant's showing of likelihood of success on the merits must be strong." *Tully v. Okeson*, 977 F.3d 608, 613 (7th Cir. 2020) (quotation marks omitted). A "better than negligible" likelihood of success is not enough. *Ill. Republican Party v. Pritzker*, 973 F.3d 760, 762−63 (7th Cir. 2020). "A 'strong' showing ... does not mean proof by a preponderance .... But it normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.*

Ms. Lenoir has not shown the required likelihood of success on the merits in this case. To succeed on a Fourteenth Amendment claim based on failure to treat a medical condition,[1] she must show (1) that the defendants "acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [her] case," and (2) that the defendants' response to her condition was "objectively unreasonable." *Miranda v. County of Lake*, 900 F.3d 335, 351−53 (7th Cir. 2018). Ms. Lenoir seeks an injunction requiring the defendants to provide mental health treatment from a trained specialist. She asserts that without such treatment, her "mental health is starting to deteriorate." Dkt. 12. However, she offers no evidence—a prior prescription or medical records, for example—specifying what kind of treatment is medically required. Without additional information and evidence, she cannot make the required "strong" showing of likely success on the merits.

---

[1] It is not clear from the complaint or motion for preliminary injunction whether Ms. Lenoir is a pretrial detainee or a convicted inmate. If she is a pretrial detainee, then her claims are properly brought under the Fourteenth Amendment; if she is a convicted inmate, then the Eighth Amendment applies. *Miranda v. County of Lake*, 900 F.3d 335, 350 (7th Cir. 2018). For purposes of this motion, the Court assumes that the easier-to-satisfy Fourteenth Amendment standard applies.

### B.    Irreparable Harm

Irreparable harm is "harm that 'cannot be repaired' and for which money compensation is inadequate." *Orr*, 953 F.3d at 502 (quoting *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 296 (7th Cir. 1997)). The plaintiff must show that she "will *likely* suffer irreparable harm absent obtaining preliminary injunctive relief." *Id.* (cleaned up). Ms. Lenoir has failed to identify any irreparable harm that will occur if an injunction is not entered. At most, she asserts that her "mental health is starting to deteriorate." Dkt. 12. But this conclusory assertion is insufficient to show irreparable harm.

### C.    Inadequate Legal Remedies

"The moving party must also demonstrate that [she] has no adequate remedy at law should the preliminary injunction not issue." *Whitaker by Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1046 (7th Cir. 2017). "This does not require that [she] demonstrate that the remedy be wholly ineffectual." *Id*. (citing *Foodcomm Int'l v. Barry*, 328 F.3d 300, 304 (7th Cir. 2003)). "Rather, [she] must demonstrate that any award would be seriously deficient as compared to the harm suffered." *Id*. (quoting *Foodcomm*, 328 F.3d at 304). Ms. Lenoir has failed to explain why legal remedies, which include potential monetary damages, would be seriously deficient compensation for her alleged harm.

### D.    Notice to Defendants

Ms. Lenoir is further notified that a court may issue a preliminary injunction only on notice to the adverse party. Fed. R. Civ. P. 65(a)(1). Accordingly, the plaintiff should not seek to renew her motion for preliminary injunction until the initial partial filing fee has been paid, the complaint has been screened, and the defendants have been served.

3

### III.     Conclusion

Because Ms. Lenoir has not met the required showing for a preliminary injunction, her

motion for preliminary injunction, dkt. [12], is **DENIED without prejudice**.

The **clerk is directed** to include a form motion for preliminary injunction with the

plaintiff's copy of this Order.

**SO ORDERED.**

Date: 12/7/2022

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

SHAQUILLE LENOIR
JOHNSON COUNTY JAIL
1091 Hospital Rd
Franklin, IN 46131